## Anna M. Niederer, Appellee, v. Edward H. Niederer, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Cass county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Bill by Anna M. Niederer, complainant, against Edward H. Niederer and others, defendants, to recover for advancements made by complainant on defendants' account under a certain contract between them for improvements upon lands owned by them in common, for accounting, and to declare a lien as to such advancements and enforce same. From a decree in favor of complainant in accordance with the prayer of the bill, defendant Edward H. Niederer appeals.

THOMAS D. MASTERS, for appellant.

CHARLES ÆE. MARTIN and A. A. LEEPER, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Niederer v. Niederer, 204 Ill. App. 624.

## Abstract of the Decision.

1. Tenancy in common, § 5*—*when evidence sufficient to show that material and labor represented fair, cash market value of improvements*. Evidence *held* sufficient to show that the material and labor which went into certain improvements on lands owned by complainant and defendants in common represented the fair, cash market value thereof, in a suit to recover from defendants their share of the cost of such improvements advanced by complainant under a contract between them to secure such advancements.

2. Interest, § 20*—*when allowed*. Interest is allowable upon money advanced by one party for another's use under a contract between them for such advancement.

3. Assignments, § 15*—*when chose in action assignable in equity*. A chose in action is assignable in equity and will be enforced therein together with the lien securing it.

4. Tenancy in common, § 13*—*who proper party complainant in suit to recover share of expense of improvements made by deceased tenant*. Where tenants in common entered into a contract for certain improvements upon the land so owned by them and to share the expense of such improvements equally and that any one advancing more than his share should, on completion of the work, be secured for the excess and have a lien therefor upon the interests of those who did not advance their full share, and one of such tenants who made such excess advancements died, leaving another of such tenants as sole legatee and devisee of the estate of such decedent, *held* that such legatee and devisee, and not the executor of the will of decedent, was a proper party complainant in a suit to enforce such contract as to such excess advancements made by the decedent.

5. Tenancy in common, § 10*—*when cotenant not innocent purchaser without notice of lien for improvements*. Where tenants in common entered into a contract for certain improvements upon the land so owned by them and to share the expense of such improvements equally, and that any one advancing more than his share should, on completion of the work, be secured for the excess and have a lien therefor upon the interests of those who did not advance their full share, one of such tenants who purchased the interest of another would not be an innocent purchaser without notice as to any lien existing under the contract on such interest but would be bound to ascertain whether such lien existed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCIV 40